UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE DEWAN MORTON, SR., ) | Case No. 2:15-cv-02417-APG-NJK |
| Plaintiff(s), ) | |
| vs. ) | **O R D E R** |
| CVS CORPORATION, ) | |
| Defendant(s). ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint on December 18, 2015. Docket No. 1-1. This proceeding was referred to the undersigned by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action

is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of

1  a right under state law necessarily turns on the construction of federal law. *Republican Party of*
2  *Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction
3  exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists
4  only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
5  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6      The Court also has jurisdiction over civil cases in which there is diversity among the parties.
7  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the
8  amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089,
9  1090 (9th Cir. 2003). To establish diversity, the plaintiff must be a citizen of a different state than
10 the defendant. *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004).

11     The Court may also dismiss a complaint at the screening phase when this District is not the
12 proper venue for the suit. *See, e.g.*, *Greene v. Logisticare Solutions, LLC*, 2015 WL 4162511 (D.
13 Nev. July 8, 2015) (adopting report and recommendation dismissing claim as filed in the wrong
14 venue). There are generally three situations in which venue is proper. First, if all defendants are
15 residents of the state in which the district is located, venue is proper in a district in which any
16 defendant resides. 28 U.S.C. § 1391(b)(1). Alternatively, venue is proper in a district in which a
17 "substantial part of the events or omissions" giving rise to the claim occurred, or in which a
18 "substantial part of property" that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2).
19 Finally, if there is no district in which venue proper based on residence or location of events or
20 omissions, venue is proper where any defendant is subject to the court's personal jurisdiction. 28
21 U.S.C. § 1391(b)(3).

22     **A.**    **Subject Matter Jurisdiction**

23     Plaintiff's complaint is defective in that it fails to allege subject matter jurisdiction. As noted
24 above, federal question jurisdiction exists when a claim is premised on federal law. In this case, it
25 is not clear what claims Plaintiff is attempting to bring. The complaint mentions "personal injury,"
26 a type of claim commonly arising out of state law. The complaint also mentions "violation of civil
27 rights," but fails to identify the statute or legal authority under which such claim arises. To the
28 extent Plaintiff is seeking to bring a claim for alleged civil rights violations under 42 U.S.C. § 1983,

such a claim requires conduct by a defendant acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant in this case is a drug store, so it appears unlikely that Plaintiff is seeking to bring a claim based on some sort of state action. As such, the complaint fails to sufficiently allege federal question subject matter jurisdiction.

The complaint also fails to sufficiently allege diversity jurisdiction. Plaintiff appears to be seeking $54,000,000, but has failed to allege facts showing that there is diversity among the parties as required to invoke the Court's diversity jurisdiction. *See Allstate Insurance,* 358 F.3d at 1095.

Accordingly, the complaint fails to establish subject matter jurisdiction.

### B. Venue

As noted above, the Court also screens complaints under § 1915 to ensure this is the proper venue for the case. The complaint fails to provide basic information, such as the location of the underlying events, sufficient for the Court to evaluate whether venue is proper. Accordingly, the complaint fails to establish that this is a proper venue for this case.

### C. Failure to State a Claim

As noted above, it is not clear what particular causes of action Plaintiff is attempting to pursue in this case. The Court gleans that some sort of "incident" has allegedly occurred, but otherwise can discern no facts related to that incident on which Plaintiff's claims are based. Accordingly, the complaint fails to state a claim for which relief can be granted.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 29, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge