UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE DEWAN MORTON, SR., ) | Case No. 2:15-cv-02417-APG-NJK |
| Plaintiff(s), ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| CVS CORPORATION, ) | |
| Defendant(s). ) | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On January 27, 2016, the undersigned granted Plaintiff's request to proceed *in forma pauperis*, screened his complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 2. The Court found that the complaint failed to establish subject matter jurisdiction, failed to establish that this is the proper venue for this case, and failed to state a claim upon which relief may be granted. *Id.* at 3-4. The Court provided Plaintiff with an opportunity to cure those defects, but also warned that the failure to comply with that order would result in a recommended dismissal of this case. *Id.* at 5.

Plaintiff has now filed an amended complaint. Docket No. 6. As with the prior complaint, the extent of Plaintiff's claim(s) that the Court can discern is that Plaintiff alleges some sort of "incident" occurred involving CVS and that he is seeking in excess of $216,000,000 in damages. *Id.* at 3, 4. For the reasons already stated at Docket No. 2, the amended complaint fails to establish that this Court has subject matter jurisdiction over this case, fails to establish that this is the proper

venue for this case, and fails to identify a cause of action, let alone state a claim for which relief can be granted. Moreover, as Plaintiff has failed to materially change his complaint notwithstanding the Court's prior order and warning of the possibility of dismissal, it appears that additional allowances for amendment would be futile.

For the above reasons, the undersigned **RECOMMENDS** that this case be dismissed and that this action be closed.

IT IS SO ORDERED.

Dated: February 29, 2016

NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).